UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. LASENBY,

         Petitioner,

                                Case No. 1:10-cv-1029
v.                                   Hon. Gordon J. Quist

CARMEN PALMER,

         Respondent.

_____/

### REPORT AND RECOMMENDATION

Lasenby filed a petition seeking habeas relief pursuant to 28 U.S.C. § 2254.  *See* Petition (docket no. 1).  In lieu of filing an answer, respondent filed a motion entitled "Respondent's Motion for summary judgment and dismissal of petition for writ of habeas corpus" (docket no. 11).

### I.       Exhaustion Requirement

In her motion, respondent seeks summary judgment pursuant to Fed. R. Civ. P. 56 "because the undisputed facts contained in the Rule 5 material establish that the petition contains several unexhausted claims thus subjecting it to dismissal without prejudice under *Rose v. Lundy*, 455 U.S. 509, 522 (1982)."  *See* Motion at p. 1.  Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a

petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. For this reason, habeas petitions containing unexhausted issues are subject to dismissal. *Lundy*, 455 U.S. at 522.

When a petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims, the district court may employ this so-called "stay and abeyance" procedure. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Under this procedure, the court stays the habeas petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for adjudication of all of the claims. *Poindexter v. Mitchell*, 454 F.3d 564, 570 n. 2 (6th Cir. 2006). The Supreme Court, however, has cautioned that federal courts should utilize the stay and abeyance procedure in limited circumstances. *Rhines*, 544 U.S. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* The stay and abeyance procedure applies to "a narrow group of cases in which a mixed petition is dismissed near or after the expiration of the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996] limitations period." *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005).

## II.    Respondent's motion

As an initial matter, respondent has filed a motion for summary judgment pursuant to Fed. R. Civ. P.  56, she does not address how petitioner's failure to meet the total exhaustion requirement under *Lundy* can result in a summary judgment in her favor.  Under *Lundy*, the Supreme Court decision upon which respondent relies, summary judgment is not an option.  A "mixed" habeas petition containing both exhausted and unexhausted claims is subject to dismissal without prejudice in order to allow the petitioner to exhaust state-court remedies.  *Lundy*, 455 U.S. at 522.  When a respondent seeks to address the issue of exhaustion in a dispositive motion, courts have reviewed such claims under Fed. R. Civ. P. 12(b)(6).  *See Camacho v. Puerto Rico*, 343 F. Supp. 2d 63, 64-65 (D. P.R. 2004).  *See also*,  *Gherity v. Swenson*, No. 04-cv-102, 2008 WL 822514 at *12 (D. Minn. March 26, 2008) ("[m]otions to dismiss habeas petitions on procedural grounds pursuant to Rule 12(b)(6) are not inconsistent with the Habeas Rules, given the wide discretion afforded district judges in the disposition of habeas petitions").  This type of review seems appropriate, since the relief under *Lundy* is dismissal without prejudice.  Accordingly, this court will review this as a motion to dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P.  12(b)(6).

"To survive a motion to dismiss, a complaint [in this case a petition] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the

case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

Determining the initial question of exhaustion is difficult in this case. At least some of petitioner's habeas claims arise from issues presented on his direct appeal. In support of his state appeal, petitioner's appellate counsel filed a 42-page brief in the Michigan Court of Appeals consisting of one issue presented:

> I.  Whether the Appellant received constitutionally ineffective assistance of counsel, whether the Appellant was prejudiced by that ineffective lawyering, and whether a new trial should be granted to remedy the constitutional violation?

Respondent's Motion at p. 2; Petitioner's Appellate Brief at p.1 (docket no. 22). After identifying this single issue, appellate counsel then raised 12 sub-issues, which he cryptically identified as follows:

> A.  Jury Instructions
>
> B.  The Garment
>
> C.  The Prosecutor's Closing Argument
>
> D.  Motion for Directed Verdict
>
> E.  Kevin Briggs
>
>> a.  Failure to Invoke the Prosecutor's Mandatory Duty to Locate
>>
>> b.  Failure to Request Funds for An Investigator to Locate Mr. Briggs
>>
>> c.  Failure to Ask the Court for an Opportunity to Speak with Mr. Briggs before he testified
>>
>> d.  Mr. Briggs and Intimidation

       e.  The detective's deception

F.  The Drug Evidence

G.  Preparation and Investigation.

Petitioner's Appellate Brief at pp. 25-41.

In affirming petitioner's conviction, the Michigan Court of Appeals addressed ten

issues relating to the alleged ineffective assistance of trial counsel:

1.  Defense counsel erred by initially telling the jury that only one witness would identify petitioner as the shooter and failing to anticipate that the two witnesses would identify petitioner as the shooter.

2.  Defense counsel should have requested a mistrial due to a police report's "alleged deception" regarding one witness' ability to identify petitioner.

3   Defense counsel failed to more aggressively locate and interview the additional identification witness (i.e., Kevin Briggs).

4.  Defense counsel should have requested an evidentiary hearing to determine if the second identification witness had been intimidated into testifying.

5.  Defense counsel failed to ensure that the jury understood that to find petitioner guilty of assault with intent to commit murder the jury "had to conclude that [petitioner] had the specific intent to commit murder."

6.  Defense counsel failed to object when the prosecutor made an improper argument regarding the number of shots fired by petitioner.

7.  Defense counsel failed to object to the jury instruction given in connection with the charge of assault with intent to commit murder.

8.  Defense counsel was ineffective for failing to prevent the admission into evidence of a hooded sweater.

9.  Defense counsel improperly conceded that petitioner was involved in drug trafficking.

     10.     Defense counsel "could better have argued her motion for a directed verdict of acquittal."

*People v. Lasenby*, No. 284977 (Mich. App. Dec. 22, 2009) (docket no. 22).  After the Michigan Court of Appeals affirmed the conviction, petitioner's counsel filed a nearly identical brief with his application for leave to appeal to the Michigan Supreme Court, which the court denied in a one-sentence order.  *See People v. Lasenby*, No. 140575 (Mich. May 25, 2010) (docket no. 23).

        After his unsuccessful direct appeal in the state court, Lasenby filed a *pro se* petition for habeas corpus relief in the Eastern District, which consisted of portions of an appellate brief and an "affidavit" raising additional issues of actual innocence, contesting his plea negotiations and expressing a desire to enter a no contest plea as part of his habeas relief.  *See* Petition (docket no. 1).  The case was transferred to this district, where the court ordered petitioner to submit an amended petition on the court's form.  *See* Orders (docket nos. 3 and 6).

        In response to the court's order, petitioner submitted a 68-page amended habeas petition.  The amended petition is a confusing document, which includes the court's form, with attached copies of his appellate brief and "affidavit." [1]  *See* Amended Petition.  The amended petition raised a single issue of ineffective assistance of trial counsel but failed to list the specific incidents of alleged ineffective assistance.  Rather, petitioner stated that  "[s]upporting facts are listed and argued in attached pages 2 through 51" (i.e., portions of the appellate brief and his "affidavit").  *Id.* at p. 6.  The amended petition also included a sheet which respondent construed as listing additional issues raised in the petition.  This sheet, which is marked as page 5-A of the amended petition,  provided as follows:

---

[1] The court notes that petitioner's "affidavit" is neither notarized as required under state law, *see* M.C.L. § 55.265(a) and (d) (definitions of "jurat" and "notarial act"), nor in the form of an unsworn verification as authorized by 28 U.SC. § 1746 ("Unsworn declarations under penalty of perjury").

ISSUES RAISED IN MOTION FOR A NEW TRIAL AND REQUEST FOR A
GINTHER HEARING IN CIRCUIT COURT

A.      [Petitioner] asked for a new lawyer during the trial because he believed that
his trial attorney was ineffective in representing him.

B.      Prior to being sentence [sic] in March of 2008, he had only seen his attorney
twice . . .

C.      On one of those occasions, her purpose was to seek his testimony against
another person.

D.      His trial attorney never asked him whether he knew Kevin Briggs.  Had she
asked him, he would have said "Yes".

E.      He and his trial attorney never meaningfully discussed his defense.

F.      These events caused [petitioner] to believe that his trial attorney was not
thoroughly investigating his case, and was not prepared for trial.

G.      [Petitioner's] trial attorney told him about a plea offer for 29-52 months plus
the firearm.

H.      [Petitioner's] trial attorney did not tell explain [sic] the risks or benefits of the
offer.

I.      [Petitioner's] trial attorney did not explain the risks if he went to trial and
lost.

J.      Particularly, [petitioner's] trial attorney did not explain how his trial risks
would change if Mr. Briggs did identify him.

K.       Had those risks been explained to him, he would have taken the plea offer
and not gone to trial.

*Id.* at p. 5-A.

        Respondent contends that the claims of ineffective assistance of counsel related to

the plea offer reflected in the amended petition are unexhausted and that the amended petition should

be dismissed without prejudice.  In his response to the motion, petitioner states that this list of claims

relied upon by respondent was merely a historical record of the proceedings in state court and has

offered to delete the issues raised on the sheet (i.e., page 5-A) from consideration.  *See* Response (docket no. 29).

Based on this record, the court is at a loss as to the habeas claims at issue in this case. While the amended petition alleges ineffective assistance of trial counsel, it does not contain a coherent statement of the alleged incidents to be considered by the court.  In addition, petitioner's "affidavit" appears to raise new issues of actual innocence, ineffective assistance of counsel related to a plea offer, and seeks alternative relief in the form of a no contest plea.  Finally, while petitioner does not consider the issues listed on page 5-A of the amended petition as before the court, it appears that some of these issues (or aspects of these issues) are raised in either the appellate brief or the "affidavit."   In short, it is difficult to address respondent's motion that petitioner filed a mixed petition subject to dismissal under *Lundy* when the court cannot identify the issues subject to review.

Accordingly, respondent's motion to dismiss should be denied without prejudice and petitioner should file a second amended habeas petition on the court's form which sets forth with specificity each alleged incident of ineffective assistance of counsel.

### III.    Recommendation

I respectfully recommend that respondent's motion to dismiss (docket no. 11) be **DENIED** without prejudice.

8

I further recommend that Lasenby be directed to file a second amended habeas petition on the court's form, which specifically lists each alleged incident of ineffective assistance of counsel.

Dated:  January 17, 2012                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).